**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
**PHILADELPHIA DIVISION**

| JEANETTE JONES, individually and on behalf of all others similarly situated,<br><br>v.<br><br>ALPHA TRANSPORTS, LLC | **Case No. ____________________**<br>FLSA Collective Action<br>FED. R. CIV. P. 23 Class Action |
|---|---|

# ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

## SUMMARY

1. Like many other companies across the United States, Alpha Transports' timekeeping and payroll systems were affected by the hack of Kronos in 2021.

2. That hack led to problems in timekeeping and payroll throughout Alpha Transports' organization.

3. As a result, Alpha Transports' workers who were not exempt from overtime under federal and state law were not paid for all hours worked and/or were not paid their proper overtime premium for all overtime hours worked after the onset of the Kronos hack.

4. Jeanette Jones is one such Alpha Transports worker.

5. Alpha Transports could have easily implemented a system to accurately record time and properly pay non-exempt hourly and salaried employees until issues related to the hack were resolved.

6. But it didn't. Instead, Alpha Transports used prior pay periods or reduced payroll estimates to avoid paying wages and proper overtime to these non-exempt hourly and salaried employees.

7. Alpha Transports pushed the cost of the Kronos hack onto the most economically vulnerable people in its workforce.

8. Alpha Transports made the economic burden of the Kronos hack fall on front-line workers—average Americans—who rely on the full and timely payment of their wages to make ends meet.

9. Alpha Transports' failure to pay wages, including proper overtime, for all hours worked violates the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*

10. Alpha Transports' failure to pay wages, including agreed wages and proper overtime, violates the Pennsylvania Minimum Wage Act (PMWA), 43 Pa. Stat. Ann. § 333.101, *et seq.*, and the Pennsylvania Wage Payment and Collection Law (WPCL), 43 Pa. Stat. Ann. § 260.1, *et seq.*

11. Jones brings this lawsuit to recover these unpaid overtime wages and other damages owed by Alpha Transports to her and Alpha Transports' other non-overtime-exempt workers, who were the ultimate victims of not just the Kronos hack, but Alpha Transports' decision to make its own non-exempt employees workers bear the economic burden for the hack.

12. This action seeks to recover the unpaid wages and other damages owed by Alpha Transports to all these workers, along with the penalties, interest, and other remedies provided by federal and Pennsylvania law.

## JURISDICTION & VENUE

13. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

14. The Court has supplemental jurisdiction over any state law sub-classes pursuant to 28 U.S.C. § 1367.

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Alpha Transports is headquartered in this District.

16. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events at issue occurred in this District.

17. Jones worked for Alpha Transports in this District.

## PARTIES

18. **Plaintiff Jeanette Jones** is a natural person.

19. Jones was, at all relevant times, an employee of Alpha Transports.

20. Jones has worked for Alpha Transports since at least December 2021.

21. Jones worked for Alpha Transports in Pennsylvania.

22. Jones represents at least two groups of similarly situated Alpha Transports workers.

23. Jones represents a collective of similarly situated workers under the FLSA pursuant to 29 U.S.C. § 216(b). This "FLSA Collective" is defined as:

> **All current or former non-exempt employees of Alpha Transports who worked in the United States at any time since the onset of the Kronos ransomware attack, on or about December 11, 2021, to the present.**

24. Jones represents a class of similarly situated workers under Pennsylvania law pursuant to Federal Rule of Civil Procedure 23. This "Pennsylvania Class" is defined as:

> **All current or former non-exempt employees of Alpha Transports who worked in Pennsylvania at any time since the onset of the Kronos ransomware attack, on or about December 11, 2021, to the present.**

25. Throughout this Complaint, the FLSA Collective members and Pennsylvania Class members are referred to jointly as the "Similarly Situated Workers."

26. **Defendant Alpha Transports, LLC ("Alpha Transports")** is a domestic limited liability company.

27. Alpha Transports is headquartered in this District.

28. At all relevant times, one or more of Alpha Transports' ultimate members were citizens of Pennsylvania.

29. Alpha Transports may be served by service upon its registered agent, **United States Corporation Agents, Inc., 1729 West Tilghman St. Rear, Allentown, PA 18109**, or by any other method allowed by law.

## COVERAGE UNDER THE FLSA

30. At all relevant times, Alpha Transports was an employer of Jones within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

31. At all relevant times, Alpha Transports was and is an employer of the FLSA Collective Members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

32. Alpha Transports was and is part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

33. During at least the last three years, Alpha Transports has had gross annual sales in excess of $500,000.

34. Alpha Transports was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

35. Alpha Transports employs many workers, including Jones, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

36. The goods and materials handled, sold, or otherwise worked on by Jones and other Alpha Transports employees and that have been moved in interstate commerce include, but are not limited to, parcels and motor vehicles.

## FACTS

37. Alpha Transports is a logistics company providing parcel delivery services in and around the Philadelphia area.

38. Many of Alpha Transports' employees are non-exempt hourly and salaried workers.

39. Since at least 2021, Alpha Transports has used timekeeping software and hardware operated and maintained by Kronos.

40. On or about December 11, 2021, Kronos was hacked with ransomware.

41. The Kronos hack interfered with the ability of its customers, including Alpha Transports, to use Kronos's software and hardware to track hours and pay employees.

42. Since the onset of the Kronos hack, Alpha Transports has failed to keep accurate track of the hours that Jones and Similarly Situated Workers have worked.

43. Instead, Alpha Transports has used various methods to estimate the number of hours Jones and Similarly Situated Workers work in each pay period.

44. For example, Alpha Transports issued paychecks based on scheduled hours or estimated hours, or simply duplicated paychecks from pay periods prior to the Kronos hack.

45. As a result of Alpha Transports' failure to accurately track the actual hours worked each week, employees who were non-exempt and worked overtime were in many cases paid less than the hours they worked in the workweek, including overtime hours.

46. Many employees were not even paid for all their non-overtime wages for hours worked in certain workweeks.

47. Jones is one of the many employees affected by these pay and timekeeping practices.

48. Instead of paying Jones for the hours she actually worked (including overtime hours), Alpha Transports simply paid based on estimates of time or pay, or based upon arbitrary considerations **other than** Jones's actual hours worked and regular pay rates, in multiple workweeks.

49. In some instances, Jones was paid portions of the overtime she worked, but the overtime rate she was paid was not at least 1.5 times her agreed rate of pay, including required adjustments for shift differentials and non-discretionary bonsuses.

50. In properly calculating and paying overtime to a non-exempt employee, the only metrics that are needed are: (1) the number of hours worked in a day or week, and (2) the employee's regular rate, taking into account shift differentials, non-discretionary bonuses, and other factors allowed under the law.

51. Alpha Transports knows it has to pay proper overtime premiums to non-exempt hourly and salaried employees.

52. Alpha Transports knows this because, prior to the Kronos hack, it routinely paid these workers for all overtime hours at the proper overtime rates.

53. Alpha Transports could have instituted any number of methods to accurately track and timely pay its employees for all hours worked.

54. Instead of accurately tracking hours and paying employees their overtime, Alpha Transports decided to arbitrarily pay these employees, without regard to the overtime hours they worked or the regular rates at which they were supposed to be paid.

55. Even to the extent it did pay some overtime to affected employees, Alpha Transports failed to take into account shift differentials and non-discretionary bonuses, such that the overtime premium Alpha Transports did pay, if any, was not the full overtime premium owed under the law based on the employees' agreed rate of pay.

56. It was feasible for Alpha Transports to have its employees and managers report accurate hours so they could be paid the full and correct amounts of money they were owed for the work they did for the company.

57. But it chose not to do that.

58. In other words, Alpha Transports pushed the effects of the Kronos hack onto the backs of its most economically vulnerable workers, making sure that it kept the money it owed to those employees in its own pockets, rather than take steps to make sure its employees were paid on time and in full for the work they did.

59. Jones is just one of the many Alpha Transports employees who had to shoulder the burden of this decision by Alpha Transports.

60. Jones was a non-exempt hourly employee of Alpha Transports.

61. Jones regularly worked over 40 hours per week for Alpha Transports.

62. Jones's normal, pre-Kronos hack hours are reflected in Alpha Transports' records.

63. Jones had contractual agreement with Alpha Transports to pay her for all hours worked.

64. Jones's contractual agreement with Alpha Transports required her to be paid for all hours worked at an amount equal to her regular rate for hours up to 40 in a workweek, and at an overtime premium of no less than 1.5x his regular rate of pay for hours over 40 in a workweek.

65. Since the Kronos hack, Alpha Transports has not paid Jones pursuant to its contractual agreement with her.

66. Since the Kronos hack, Alpha Transports has not paid Jones for her actual hours worked each week.

67. Since the hack took place, Alpha Transports has not been accurately recording the hours worked by Jones and its other workers.

68. Even when Alpha Transports has issued payment to Jones for any overtime, the overtime is not calculated based on Jones's regular rates, as required by federal law.

69. Alpha Transports was aware of the overtime requirements of the FLSA.

70. Alpha Transports nonetheless failed to pay the full overtime premium owed to certain non-exempt hourly and salaried employees, such as Jones.

71. Alpha Transports' failure to pay overtime to these non-exempt workers was, and is, a willful violation of the FLSA.

72. The full overtime wages owed to Jones and the Similarly Situated Workers became "unpaid" when the work for Alpha Transports was done—that is, on Jones and the Similarly Situated Workers' regular paydays. *E.g.*, *Martin v. United States*, 117 Fed. Cl. 611, 618 (2014); *Biggs v. Wilson*, 1 F.3d 1537, 1540 (9th Cir.1993); *Cook v. United States*, 855 F.2d

848, 851 (Fed. Cir. 1988); *Olson v. Superior Pontiac–GMC, Inc.*, 765 F.2d 1570, 1579 (11th Cir.1985), *modified*, 776 F.2d 265 (11th Cir.1985); *Atlantic Co. v. Broughton*, 146 F.2d 480, 482 (5th Cir.1944); *Birbalas v. Cuneo Printing Indus.*, 140 F.2d 826, 828 (7th Cir.1944).

73. At the time Alpha Transports failed to pay Jones and the Similarly Situated Workers in full for their overtime hours by their regular paydays, Alpha Transports became liable for all prejudgment interest, liquidated damages, penalties, and any other damages owed under the law.

74. In other words, there is no distinction between late payment and nonpayment of wages under the law. *Biggs v. Wilson*, 1 F.3d 1537, 1540 (9th Cir.1993).

75. Even if Alpha Transports made any untimely payment of unpaid wages due and owing to Jones or the Similarly Situated Workers, any alleged payment was not supervised by the Department of Labor or any court.

76. The untimely payment of overtime wages, in itself, does not resolve a claim for unpaid wages under the law. *See*, *e.g.*, *Seminiano v. Xyris Enterp., Inc.*, 602 Fed.Appx. 682, 683 (9th Cir. 2015); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-54 (11th Cir. 1982).

77. Nor does the untimely payment of wages, if any, compensate workers for the damages they incurred due to Alpha Transports' acts and omissions resulting in the unpaid wages in the first place.

78. Jones and the Similarly Situtated Workers remain uncompensated for the wages and other damages owed by Alpha Transports under federal and Pennsylvania law.

## Collective Action Allegations

79. Jones incorporates all other allegations.

80. Numerous individuals were victimized by Alpha Transports' patterns, practices, and policies, which are in willful violation of the FLSA.

81. Based on her experiences and tenure with Alpha Transports, Jones is aware that Alpha Transports' illegal practices were imposed on the FLSA Collective.

82. The FLSA Collective members were not paid their full overtime premiums for all overtime hours worked.

83. These employees are victims of Alpha Transports' respective unlawful compensation practices and are similarly situated to Jones in terms of the pay provisions and employment practices at issue in the collective in this lawsuit.

84. The workers in the FLSA Collective were similarly situated within the meaning of the FLSA.

85. Any differences in job duties do not detract from the fact that these FLSA non-exempt workers were entitled to overtime pay.

86. Alpha Transports' failure to pay overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies, and practices, which are not dependent on the personal circumstances of the FLSA Collective members.

87. The FLSA Collective should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

88. Jones incorporates all other allegations.

89. The illegal practices Alpha Transports imposed on Jones were likewise imposed on the Pennsylvania Class members.

90. Numerous other individuals who worked for Alpha Transports were were not properly compensated for all hours worked, as required by Pennsylvania law.

91. The Pennsylvania Class is so numerous that joinder of all members of the class is impracticable.

92. Alpha Transports imposed uniform practices and policies on Jones and the Pennsylvania Class members regardless of any individualized factors.

93. Based on her experience and tenure with Alpha Transports, as well as coverage of the Kronos hack, Jones is aware that Alpha Transports' illegal practices were imposed on the Pennsylvania Class members.

94. Pennsylvania Class members were all not paid proper overtime when they worked in excess of 40 hours per week.

95. Alpha Transports' failure to pay wages and overtime compensation in accordance with Pennsylvania law results from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the Pennsylvania Class members.

96. Jones and Pennsylvania Class members were all not paid their contractually agreed wages.

97. Alpha Transports' failure to pay contractually agreed wages in accordance with Pennsylvania law results from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of Jones and the Pennsylvania Class Members.

98. Jones's experiences are therefore typical of the experiences of the Pennsylvania Class members.

99. Jones has no interest contrary to, or in conflict with, the members of the Pennsylvania Class. Like each member of the proposed class, Jones has an interest in obtaining the unpaid wages and other damages owed under the law.

100. A class action, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit.

101. Absent this action, many Pennsylvania Class members likely will not obtain redress of their injuries and Alpha Transports will reap the unjust benefits of violating Pennsylvania law.

102. Furthermore, even if some of the Pennsylvania Class members could afford individual litigation against Alpha Transports, it would be unduly burdensome to the judicial system.

103. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

104. The questions of law and fact common to each of the Pennsylvania Class members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

a. Whether the Pennsylvania Class members were paid wages at the rates required by Pennsylvania's wage-and-hour laws;

b. Whether Alpha Transports' failure to pay wages at the rates required by law violated Pennsylvania's wage and hour laws;

c. Whether the Pennsylvania Class members were paid overtime at 1.5 times their regular rate of pay for hours worked in excess of 40 in a workweek;

d. Whether Alpha Transports' failure to pay overtime at the rates required by law violated Pennsylvania's wage and hour laws;

e. Whether Alpha Transports failed to pay Pennsylvania Class Members their contractually agreed wages; and

f. Whether Alpha Transports has any good faith defense to paying the contractually agreed wages.

105. Jones's claims are typical of the Pennsylvania Class members. Jones and the Pennsylvania Class members have all sustained damages arising out of Alpha Transports' illegal and uniform employment policies.

106. Jones knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

107. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class action treatment.

**FIRST CAUSE OF ACTION—OVERTIME VIOLATIONS OF THE FLSA AS TO JONES AND THE FLSA COLLECTIVE**

108. Jones incorporates all other allegations.

109. By failing to pay Jones and the FLSA Collective members overtime at 1.5 times their regular rates, Alpha Transports violated the FLSA. 29 U.S.C. § 207(a).

110. Alpha Transports owes Jones and the FLSA Collective members overtime for all hours worked in excess of 40 in a workweek, at a rate of at least 1.5 times their regular rates of pay.

111. Alpha Transports owes Jones and the FLSA Collective members the difference between the rate actually paid for overtime, if any, and the proper overtime rate.

112. Likewise, Alpha Transports owes Jones and the FLSA Collective members their agreed-upon rates of pay for all hours worked up to and including 40 each week in which they worked over 40 hours in the week, but were not paid in full for all hours.

113. Alpha Transports knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay the FLSA Collective members overtime compensation.

114. Because Alpha Transports knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Alpha Transports owes these wages for at least the past three years.

115. Alpha Transports' failure to pay overtime compensation to these FLSA Collective members was neither reasonable, nor was the decision not to pay overtime made in good faith.

116. Because Alpha Transports' decision not to pay overtime was not made in good faith, Alpha Transports also owes Jones and the FLSA Collective members an amount equal to the unpaid overtime wages as liquidated damages.

117. Accordingly, Jones and the FLSA Collective members are entitled to overtime wages under the FLSA in an amount equal to 1.5x their regular rates of pay, plus liquidated damages, attorney's fees, and costs.

**SECOND CAUSE OF ACTION—VIOLATIONS OF THE PMWA AS TO JONES AND THE PENNSYLVANIA CLASS**

118. Jones incorporates all other allegations.

119. The conduct alleged in this Complaint violates the PMWA.

120. Alpha Transports was and is an "employer" within the meaning of the PMWA.

121. At all relevant times, Alpha Transports employed Jones and the other Pennsylvania Class Members as "employees" within the meaning of the PMWA.

122. The PMWA requires an employer like Alpha Transports to pay overtime to all non-exempt employees.

123. Jones and the other Pennsylvania Class Members are non-exempt employees who are entitled to be paid overtime for all overtime hours worked.

124. Within the applicable limitations period, Alpha Transports had a policy and practice of failing to pay proper overtime to the Pennsylvania Class Members for their hours worked in excess of 40 hours per week.

125. As a result of Alpha Transports' failure to pay proper overtime to Jones and the Pennsylvania Class Members for work performed in excess of 40 hours in a workweek, Defendants violated the PMWA.

126. Jones and the Pennsylvania Class Members are entitled to overtime wages under the PMWA in an amount equal to 1.5 times their rates of pay, attorney's fees, costs, penalties, and all other legal and equitable relief provided under the PMWA.

## THIRD CAUSE OF ACTION—VIOLATIONS OF THE WPCL AS TO JONES AND THE PENNSYLVANIA CLASS

127. Jones incorporates all other allegations.

128. The conduct alleged in this Complaint violates the WPCL.

129. Alpha Transports was and is an "employer" within the meaning of the WPCL.

130. At all relevant times, Alpha Transports employed Jones and the other Pennsylvania Class Members as "employees" within the meaning of the WPCL.

131. The WPCL requires an employer like Alpha Transports to pay wages to its employees on their regularly scheduled paydays.

132. Jones and the Pennsylvania Class Members had oral or written contracts with Alpha Transports.

133. Whether the contractual agreements of Jones and the Pennsylvania Class Members were formal contracts, collective bargaining agreements, or oral, does not alter Alpha Transports' obligations under the WPCL.

134. Jones and the Pennsylvania Class Members' status as at-will employees or otherwise is irrelevant to whether they had an enforceable contract for wages with Alpha Transports under the WPCL.

135. Jones and the Pennsylvania Class Members had regularly scheduled paydays with Alpha Transports.

136. Alpha Transports failed to pay Jones and the Pennsylvania Class Members their contractually agreed wages on their regularly scheduled payday.

137. Alpha Transports had no good faith basis for its failure to pay contractually agreed wages to Jones and the Pennsylvania Class Members.

138. As a result of Alpha Transports' failure to pay agreed wages to Jones and the Pennsylvania Class Members on their regularly scheduled paydays, Jones and the Pennsyvlania Class Members are entitled to recover unpaid wages and fringe benefits. WPCL, 43 Pa. Stat. Ann. § 260.10.

139. Because Alpha Transports failed to pay wages to Jones and the Pennsylvania Class Members without any good faith basis, Jones and the Pennsyvlania Class Members are entitled to recover liquidated damages as provided for by the WPCL. WPCL, 43 Pa. Stat. Ann. § 260.10.

140. Jones and the Pennsylvania Class Members are also entitled to attorney's fees, costs, penalties, and all other legal and equitable relief provided under the WPCL. WPCL, 43 Pa. Stat. Ann. § 260.10.

## RELIEF SOUGHT

Jones prays for judgment against Alpha Transports as follows:

a. For an order certifying a collective action for the FLSA claims;

b. For an order certifying a class action for the Pennsylvania law claims;

c. For an order finding Alpha Transports liable for violations of federal wage laws with respect to Jones and all FLSA Collective members covered by this case;

d. For an order finding Alpha Transports liable for violations of Pennsylvania wage laws with respect to Jones and all Pennsylvania Class members covered by this case;

e. For a judgment awarding all unpaid wages, liquidated damages, and penalties under federal wage laws to Jones and all FLSA Collective members covered by this case;

f. For a judgment awarding all unpaid wages, liquidated damages, and penalties under Pennsylvania wage laws to Jones and all Pennsylvania Class members covered by this case;

g. For an equitable accounting and restitution of wages due to Jones and all FLSA Collective and Pennsylvania Class members members covered by this case;

h. For a judgment awarding attorneys' fees to Jones and all FLSA Collective and Pennsylvania Class members covered by this case;

i. For a judgment awarding costs of this action to Jones and all FLSA Collective and Pennsylvania Class members covered by this case;

j. For a judgment awarding pre- and post-judgment interest at the highest rates allowed by law to Jones and all FLSA Collective and Pennsylvania Class members covered by this case; and

k. For all such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**By:** */s/ Angeli Murthy*
**Angeli Murthy, Esq.**
PA Bar No. 93699
**MORGAN & MORGAN, P.A.**
8151 Peters Rd., Suite 4000
Plantation, FL 33324
Telephone: (954) 327-5369
Facsimile: (954) 327-3016
Email: amurthy@forthepeople.com

**Matthew S. Parmet**
TX Bar # 24069719
(*seeking admission pro hac vice*)
**PARMET PC**
3 Riverway, Ste. 1910
Houston, TX 77056
phone 713 999 5228
matt@parmet.law

**Attorneys for Plaintiff**